**10 CIV 1575**

| | |
|---|---|
| **BERKE-WEISS & PECHMAN LLP**<br>Louis Pechman (LP 6395)<br>Laurie Berke-Weiss (LB 3445)<br>Jessica N. Tischler (JT 1582)<br>488 Madison Avenue, 11th Floor<br>New York, New York 10022<br>Telephone: (212) 583-9500 | **OUTTEN & GOLDEN LLP**<br>Justin M. Swartz (JS 7989)<br>Molly Brooks (MB 2360)<br>Rachel Bien (RB 6919)<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>Telephone: (212) 245-1000 |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

ORLANDO COLON, TALIBUN NOOR, HENRI DRAGOTI, THEOFANIS KOUTSIAFTIS, STEPHEN KURUVILLA, SERGIO ORTIZ, VASSILIOS PANTAZIS, MARIAN SEPCARU, and VARGHESE THOMAS, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

HILTON WORLDWIDE, INC. d/b/a THE WALDORF=ASTORIA, f/k/a HILTON HOTELS CORPORATION,

Defendant.

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**



Plaintiffs Orlando Colon, Talibun Noor, Henri Dragoti, Theofanis Koutsiaftis, Stephan Kuruvilla, Sergio Ortiz, Vassilios Pantazis, Marian Sepcaru, and Varghese Thomas (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. Hilton Worldwide, Inc., formerly known as Hilton Hotels Corporation ("Defendant") owns and operates The Waldorf=Astoria (the "Hotel"), the world-famous luxury hotel located at 301 Park Avenue, New York, New York. Defendant hosts private dining events at the Hotel and

describes itself as "the preeminent innovator and originator in the world of gracious social dining." Defendant claims to offer its customers "culinary finesse," "peerless service standards," and "an unrivaled palette of resources and talent" to create "incomparable" and "unforgettable" private dining events.

2. This lawsuit seeks to recover misappropriated service charges and special banquet gratuities for Plaintiffs who are banquet waiters at the Hotel, and their similarly situated co-workers which Defendant led its customers to believe were gratuities which were to be paid in their entirety to their service staff but which were actually skimmed by the house. This practice was held by the New York Court of Appeals in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), to be unlawful. The Court of Appeals in *Samiento* stated:

> We conclude that a charge that is not a voluntary payment may be a "charge purported to be a gratuity" within the meaning of the statute.

*Id.* at 74.

3. The *Samiento* case relied on New York Labor Law ("NYLL") § 196-d, which requires that:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

### THE PARTIES

**Plaintiffs**

4. Plaintiff Orlando Colon ("Colon") is a resident of Bay Shore, Suffolk County, New York. Colon has been employed by Defendant as Banquet Waiter at the Hotel from approximately 1989 through the present. At all times material herein, Colon is and has been an employee within the meaning of the NYLL.

5. Plaintiff Talibun Noor ("Noor") is a resident of New Hyde Park, Nassau County, New York. Noor has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 2000 through the present. At all times material herein, Noor is and has been a covered employee within the meaning of the NYLL.

6. Plaintiff Henri Dragoti ("Dragoti") is a resident of Bronx, New York. Dragoti has been employed as a Banquet Waiter at the Hotel from approximately 1989 through the present. At all times material herein, Dragoti is and has been a covered employee within the meaning of the NYLL.

7. Plaintiff Theofanis Koutsiaftis ("Koutsiaftis") is a resident of New York, New York. Koutsiaftis has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 2000 through the present. At all times material herein, Koutsiaftis is and has been a covered employee within the meaning of the NYLL.

8. Plaintiff Stephen Kuruvilla ("Kuruvilla") is a resident of New Hyde Park, Nassau County, New York. Kuruvilla has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 1989 through the present. At all times material herein, Kuruvilla is and has been a covered employee within the meaning of the NYLL.

9. Plaintiff Sergio Ortiz ("Ortiz") is a resident of North Bergen, New Jersey. Ortiz has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 1988 through the present. At all times material herein, Ortiz is and has been a covered employee within the meaning of the NYLL.

10. Plaintiff Vassilios Pantazis ("Pantazis") is a resident of Astoria, Queens County, New York. Pantazis has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 1981 through the present. At all times material herein, Pantazis is and has been a

covered employee within the meaning of the NYLL.

11. Plaintiff Marian Sepcaru ("Sepcaru") is a resident of Rego Park, Queens County, New York. Sepcaru has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 1987 through the present. At all times material herein, Sepcaru is and has been a covered employee within the meaning of the NYLL.

12. Plaintiff Varghese Thomas ("Thomas") is a resident of Jericho, Nassau County, New York. Thomas has been employed by Defendant as a Banquet Waiter at the Hotel from approximately 1988 through the present. At all times material herein, Thomas is and has been a covered employee within the meaning of the NYLL.

**Defendant**

13. Hilton Worldwide, Inc. owns and operates The Waldorf=Astoria, a luxury hotel located at 301 Park Avenue, New York, New York. Defendant is a Delaware corporation registered to do business in New York with a principal place of business located at 7930 Jones Branch Drive, Suite 1100, McLean, Virginia. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

**JURISDICTION**

14. This Court has complete diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d).

15. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. The members of the proposed class are citizens of states different from that of Defendant.

17. Plaintiffs' claims involve matters of national or interstate interest.

18. Upon information and belief, the proposed class contains at least 100 members.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

20. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTS

21. Defendant hosts two different kinds of events at the Hotel: Banquet Events in its Private Dining Salons, and smaller events in its Hospitality Suites, located in The Waldorf Towers.

22. To staff these private dining events, Defendant employs banquet waiters to provide food and beverages to event guests.

23. When Defendant contracts with its customers to hold private dining events, it charges customers a percentage service charge in addition to the cost of their food and drink. Defendant has led its customers to reasonably believe that the service charges are gratuities to be paid to the workers who served the food and drinks at their events.

24. In reality, however, Defendant pays only a portion of the service charges to its workers, and keeps the remaining portion for itself. In *Samiento,* the New York Court of Appeals confirmed that this practice violates the NYLL.

25. For example, Banquet customers of the Hotel have received invoices which state as

follows:

> SERVICE CHARGE: 21.5% of food and beverage sales will be added to your account as a service charge.

Out of these 21.5% service charges, Defendant paid only 15% to its workers and retained the remaining 6.5% for itself.

26. Defendant also receives "special banquet gratuities" from private dining event customers who want to reward workers for excellent service. Despite the fact that these gratuities are intended for its workers, and that Defendant leads its customers to reasonably believe that the service charges are gratuities to be paid to the workers who served the food and drinks at their events, Defendant distributes none of these special banquet gratuities to its workers and instead uses these gratuities to pay employees who are not banquet waiters.

27. Consistent with their policies and patterns or practices as described herein, Defendant has harmed each of the plaintiffs because it unlawfully held, retained, and received portions of the service charges and banquet gratuities that each of the plaintiffs earned.

28. Defendant's policies and patterns or practices regarding service charges and banquet gratuities applied to plaintiffs and all of their similarly situated co-workers.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring the First and Second Causes of Action, the NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> all persons who have worked as Banquet Waiters who performed work at private dining events at The Waldorf=Astoria Hotel between February 22, 2004 and the date of final judgment in this matter (the "Rule 23 Class").

30. Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in any Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

31. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

32. The size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

33. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) whether Defendant has violated NYLL Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 137, as alleged herein;

    (b) whether Defendant has demanded, handled, pooled, counted, distributed, accepted and/or retained service charges or portions of service charges paid by customers to whom Defendant represented that such service charges were intended for Plaintiffs and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class;

    (c) whether Defendant has demanded, handled, pooled, counted, distributed, accepted and/or retained special banquet gratuities paid by customers and which customers intended to be paid to Plaintiffs and the Rule 23 Class;

    (d) whether Defendant's policy of failing to pay workers has been instituted willfully or with reckless disregard of the law; and

(e) the nature and extent of class-wide injury and the measure of damages for those injuries.

35. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all the Rule 23 Class members worked for Defendant as banquet waiters at the Hotel. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to keep the gratuities they earn. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been undercompensated due to Defendant's common policies, practices, and patterns of conduct.

36. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violation of the NYLL. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

38. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

8

## CLASS-WIDE FACTUAL ALLEGATIONS

39. Plaintiffs and the members of the Rule 23 Class (collectively, "Class Members") have been victims of Defendant's common policy and pattern or practice that violated their rights under the NYLL by denying them a proper minimum wage, service charges, and special banquet gratuities. At all times relevant, Defendant's unlawful policy and pattern or practice was willful.

40. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and Class Members by engaging in a pattern, practice, and/or policy of violating the NYLL as described in this Class Action Complaint. This policy and pattern or practice includes, but is not limited to the following:

> (a) retaining portions of the service charges earned by Plaintiffs and Class Members and which Defendant's customers reasonably believed would be gratuities paid to banquet waiters, including Plaintiffs and Class Members;
>
> (b) retaining special banquet gratuities earned by Plaintiffs and Class Members and which Defendant's customers intended to be paid to banquet waiters, including Plaintiffs and Class Members; and
>
> (c) failing to comply with the posting and/or notice requirements of the NYLL.

41. Defendant's unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the NYLL.

42. Defendant's unlawful conduct has been widespread, repeated, and consistent. Defendant's policies and practices described in this Class Action Complaint were centrally promulgated and uniform.

43. Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and Class Members.

44. Defendant's deceptive conduct has prevented Plaintiffs and Class Members from discovering or asserting their claims any earlier than they did.

## FIRST CAUSE OF ACTION

### New York Labor Law Article 6 – Unlawful Retention of Service Charges
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

45. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

46. At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

47. At all times relevant, Defendant has been an employer within the meaning of NYLL §§ 190, *et seq.*, and any supporting New York State Department of Labor regulations.

48. At all times relevant, Defendant has been an employer, agents, and/or officer within the meaning of NYLL § 196-d and any supporting New York State Department of Labor regulations.

49. The wage payment provisions of Article 6 of the NYLL and any supporting New York State Department of Labor Regulations apply to Defendant and protect Plaintiffs and the members of the Rule 23 Class.

50. Defendant unlawfully retained portions of service charges earned by Plaintiffs and Class Members in violation of the NYLL and supporting New York State Department of Labor Regulations.

51. By Defendant's knowing or intentional demand for, acceptance of and/or retention of portions of the service charges paid by customers when entering into a service contract with Defendant when such customers had a reasonable expectation that such service charges would be

paid as gratuities to Plaintiffs and the members of the Rule 23 Class, Defendant willfully violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

52. Due to Defendant's violation of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Company*, 549 F.3d 137 (2d Cir. 2008), *cert. granted*, 77 U.S.L.W. 3609 (U.S. May 4, 2009) (No. 08-1008) ("*Shady Grove*").

## SECOND CAUSE OF ACTION
### New York Labor Law Article 6 – Unlawful Retention of Special Banquet Gratuities
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

53. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

54. At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees and Defendant has been an employer within the meaning of the NYLL §§ 190, 196-d, 651(5), 652 and the supporting New York State Department of Labor Regulations.

55. Defendant has unlawfully retained special banquet gratuities earned by Plaintiffs and Class Members in violation of the NYLL and supporting New York State Department of Labor Regulations.

56. By Defendant's knowing or intentional demand for, acceptance of and/or retention of special banquet gratuities paid by customers when such customers intended that such gratuities would be paid to Plaintiffs and the members of the Rule 23 Class, Defendant has willfully

violated NYLL Article 6, § 196-d and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. § 137-2.5.

Due to Defendant's violation of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek for the following relief:

A. Defendant be held jointly and severally liable for unpaid portions of service charges, unpaid special banquet gratuities, interest, and other unpaid wages pursuant to NYLL Article 6, §§ 190, *et seq.* and Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class but reserve their right to do so depending on the United States Supreme Court's ruling in *Shady Grove*);

B. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

D. Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190, *et seq.* and NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor regulations;

E. Pre-judgment interest and post-judgment interest;

F. An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Class Action Complaint.

Dated:   New York, New York
         February 25, 2010

        Respectfully submitted,

**OUTTEN & GOLDEN LLP**

By: _____
    Justin M. Swartz (JS 7989)
    Molly Brooks (MB 2360)
    Rachel Bien (RB 6919)
    3 Park Avenue, 29th Floor
    New York, New York 10016
    Telephone: (212) 245-1000

**BERKE-WEISS & PECHMAN LLP**

By: _____
    Louis Pechman (LP 6395)
    Laurie Berke-Weiss (LB 3445)
    Jessica N. Tischler (JT 1582)
    488 Madison Avenue, 11th Floor
    New York, New York 10022
    Telephone: (212) 583-9500

*Attorneys for Plaintiffs and the Putative Class*