Matthew W. Lampe
mwlampe@jonesday.com
Craig S. Friedman
csfriedman@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Michael J. Gray (*pro hac vice* application pending)
mjgray@jonesday.com
JONES DAY
77 West Wacker
Chicago, Illinois 60601
(312) 782-3939

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORLANDO COLON, TALIBUN NOOR, HENRI DRAGOTI, THEOFANIS KOUTSIAFTIS, STEPHEN KURUVILLA, SERGIO ORTIZ, VASSILIOS PANTAZIS, MARIAN SEPCARU, and VARGHESE THOMAS, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>HILTON WORLDWIDE, INC. d/b/a THE WALDORF=ASTORIA, f/k/a HILTON HOTELS CORPORATION,<br><br>          Defendant. | 10 CIV 1575 (RJH)<br><br>ECF CASE<br><br>ANSWER TO CLASS ACTION COMPLAINT |

Defendant Hilton Worldwide, Inc. ("Defendant" or "Hilton"), by and through its undersigned counsel, hereby answers the Class Action Complaint ("Complaint") of Plaintiffs Orlando Colon, Talibun Noor, Henri Dragoti, Theofanis Koutsiaftis, Stephen Kuruvilla, Sergio Ortiz, Vassilios Pantazis, Marian Sepcaru, and Varghese Thomas ("Plaintiffs"), as follows:

## NATURE OF THE ACTION

1. Defendant admits that HLT NY Waldorf LLC, which is affiliated with Defendant, owns The Waldorf=Astoria. Defendant further admits that Waldorf=Astoria Management LLC, which is affiliated with Defendant, operates The Waldorf=Astoria. Defendant further admits that The Waldorf=Astoria hosts banquet events and that The Waldorf=Astoria has used, among others, the marketing language quoted in Paragraph 1. Defendant denies the remaining allegations of Paragraph 1.

2. Defendant admits that Plaintiffs purport to bring an action under New York Labor Law ("NYLL") § 196-D and *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70 (2008), for certain relief. Defendant denies that Plaintiffs, or any other person, are entitled to relief, and Defendant denies the remaining allegations of Paragraph 2.

3. Defendant admits that Plaintiffs purport to bring an action under New York Labor Law ("NYLL") § 196-D and *Samiento v. World Yacht, Inc.*, 10 N.Y.3d 70 (2008), for certain relief. Defendant denies that Plaintiffs, or any other person, are entitled to relief, and Defendant denies the remaining allegations of Paragraph 3.

## THE PARTIES

**Plaintiffs**

4. Defendant admits that Orlando Colon has been employed as a Banquet Server at The Waldorf=Astoria since 1989. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Colon's residence, and it therefore denies that allegation. Defendant admits that Colon is an employee within the meaning of the NYLL. Defendant further admits that Colon is employed by Waldorf=Astoria Management LLC, which is affiliated Defendant. Defendant denies the remaining allegations in Paragraph 4.

5. Defendant admits that Talibun Noor has been employed as a Banquet Server at The Waldorf=Astoria since 2000. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Noor's residence, and it therefore denies that allegation. Defendant admits that Noor is an employee within the meaning of the NYLL. Defendant further admits that Noor is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant admits that Henri Dragoti has been employed as a Banquet Server at The Waldorf=Astoria since 1980. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Dragoti's residence, and it therefore denies that allegation. Defendant admits that Dragoti is an employee within the meaning of the NYLL. Defendant further admits that Dragoti is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant. Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that Theofanis Koutsiaftis has been employed as a Banquet Server at The Waldorf=Astoria since 2000. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Koutsiaftis' residence, and it therefore denies that allegation. Defendant admits that Koutsiaftis is an employee within the meaning of the NYLL. Defendant further admits that Koutsiaftis is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant. Defendant denies the remaining allegations in Paragraph 7.

8. Defendant admits that Stephen Kuruvilla has been employed as a Banquet Server at The Waldorf=Astoria since 1990. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Kuruvilla's residence, and it therefore denies that allegation. Defendant admits that Kuruvilla is an employee within the meaning of the

NYI-4263304v2

NYLL.  Defendant further admits that Kuruvilla is employed by Waldorf=Astoria Management LLC, a which is affiliated with Defendant.  Defendant denies the remaining allegations in Paragraph 8.

9. Defendant admits that Sergio Ortiz has been employed as a Banquet Server at The Waldorf=Astoria since 1988.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Ortiz's residence, and it therefore denies that allegation.  Defendant admits that Ortiz is an employee within the meaning of the NYLL.  Defendant further admits that Ortiz is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant.  Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits that Vassilios Pantazis has been employed as a Banquet Server at The Waldorf=Astoria since 1982.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Pantazis' residence, and it therefore denies that allegation.  Defendant admits that Pantazis is an employee within the meaning of the NYLL.  Defendant further admits that Pantazis is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant.  Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Marian Sepcaru has been employed as a Banquet Server at The Waldorf=Astoria since 1987.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Sepcaru's residence, and it therefore denies that allegation.  Defendant admits that Sepcaru is an employee within the meaning of the NYLL.  Defendant further admits that Sepcaru is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant.  Defendant denies the remaining allegations in Paragraph 11.

NYI-4263304v2

12. Defendant admits that Varghese Thomas has been employed as a Banquet Server at The Waldorf=Astoria since 1988. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Thomas' residence, and it therefore denies that allegation. Defendant admits that Thomas is an employee within the meaning of the NYLL. Defendant further admits that Thomas is employed by Waldorf=Astoria Management LLC, which is affiliated with Defendant. Defendant denies the remaining allegations in Paragraph 12.

**Defendant**

13. Defendant admits that HLT NY Waldorf LLC, which is affiliated with Defendant, owns The Waldorf=Astoria. Defendant further admits that Waldorf=Astoria Management LLC, which is affiliated with Defendant, operates The Waldorf=Astoria. Defendant further admits that it is a Delaware corporation registered to do business in New York with a principal place of business located at 7930 Jones Branch Drive, Suite 1100, McLean, Virginia. Defendant further admits that, at all relevant times, its annual gross volume of sales made or business done was not less than $500,000. Defendant denies the remaining allegations of Paragraph 13.

## JURISDICTION

14. Defendant admits the allegations in Paragraph 14.

15. Defendant admits the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and it therefore denies the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant admits the allegations in Paragraph 18.

19. Defendant admits that the Court has authority to issue a declaratory judgment. Defendant denies that Plaintiffs or any putative class members are entitled to a declaratory judgment.

**VENUE**

20. Defendant admits that venue is proper in the Southern District of New York. Defendant denies the remaining allegations in Paragraph 20.

**FACTS**

21. Defendant admits that The Waldorf=Astoria hosts banquet events and events in the hospitality suites of The Waldorf Towers. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant admits that Waldorf=Astoria Management LLC, which is affiliated with Defendant, employs Banquet Servers to work at banquet events. Defendant denies the remaining allegations of Paragraph 22.

23. Defendant admits that, when customers enter into a contract to hold a banquet event at The Waldorf=Astoria, customers agree to pay a percentage service charge in addition to the cost of their food and drink. Defendant denies the remaining allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant admits that The Waldorf=Astoria's banquet customers receive documents explaining the service charge and gratuity and refers to those documents for their contents. Defendant denies the allegations in Paragraph 25.

26. Defendant admits that The Waldorf=Astoria's banquet event customers sometimes pay special banquet gratuities. Defendant denies the remaining allegations of Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that The Waldorf=Astoria has policies and practices regarding service charges and banquet gratuities. Defendant denies that Plaintiffs and other individuals who hold the title of Banquet Server are similarly situated, and it denies any remaining allegations in Paragraph 28.

**CLASS ACTION ALLEGATIONS**

29. Defendant admits that Plaintiffs seek to bring their claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that this action may be maintained as a class action, and it denies the remaining allegations in Paragraph 29.

30. Defendant admits that Plaintiffs seek to bring their claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that this action may be maintained as a class action, and it denies the remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant admits that more than 100 individuals have worked as a Banquet Server at The Waldorf=Astoria since January 2004. Defendant denies that this action may be maintained as a class action, and it denies the remaining allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

NYI-4263304v2

## CLASS-WIDE FACTUAL ALLEGATIONS

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

## FIRST CAUSE OF ACTION

45. In response to Paragraph 45, Defendant states that its responses to the allegations in Paragraph 1 through 44 are incorporated herein as if fully set forth.

46. Defendant admits that Plaintiffs are "employees" as that term is defined by the NYLL. Defendant denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant admits that some of the wage payment provisions of Article 6 of the NYLL and some of the New York State Department of Labor Regulations apply to Waldorf=Astoria Management LLC. Defendant denies the remaining allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

NYI-4263304v2

52. Defendant admits that Plaintiffs do not seek liquidated damages under the NYLL. Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 52, and it denies the remaining allegations contained in Paragraph 52.

## SECOND CAUSE OF ACTION

53. In response to Paragraph 53, Defendant states that its responses to the allegations in Paragraph 1 through 52 are incorporated herein as if fully set forth.

54. Defendant admits that Plaintiffs are employees as defined by the NYLL. Defendant denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant admits that Plaintiffs do not seek liquidated damages under the NYLL. Defendant denies that Plaintiffs are entitled to any of the relief sought in Paragraph 56, and it denies the remaining allegations contained in Paragraph 56.

## PRAYER FOR RELIEF

57. Defendant denies that Plaintiffs or any other individuals are entitled to the relief requested in the Complaint's Prayer for Relief or any other relief.

## DEMAND FOR TRIAL BY JURY

58. Defendant admits that Plaintiffs have requested a trial by jury on all questions of fact raised by the Complaint.

## FIRST DEFENSE

59. Plaintiffs and any putative class members have failed, in whole or in part, to state claims upon which relief can be granted.

## SECOND DEFENSE

60. Some or all of Plaintiffs' claims and the claims of any potential putative class members are barred, in whole or in part, by statutory exemptions, exclusions, exceptions, or credits under the NYLL.

## THIRD DEFENSE

61. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiffs and other employees.

## FOURTH DEFENSE

62. Plaintiffs are not entitled to certification under Fed. R. Civ. P. 23 because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interest of potential class members.

## FIFTH DEFENSE

63. Plaintiffs' attempt to pursue this case as a class action violate Defendant's constitutional right to a jury trial and to due process.

## SIXTH DEFENSE

64. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

## SEVENTH DEFENSE

65. Plaintiffs' claims and the claims of any putative class members are barred, in whole or in part, by applicable statutes of limitations.

NYI-4263304v2

### EIGHTH DEFENSE

66. Plaintiffs' and any putative class members' claims for injunctive relief are barred because they have an adequate remedy at law and/or lack standing and/or cannot make the requisite showing to obtain injunctive relief.

### NINTH DEFENSE

67. Plaintiffs' and any putative class members' claims are barred, in whole or in part, because of the waiver of statutory benefits or protections under collective bargaining agreements that provide alternative benefits or protections.

### TENTH DEFENSE

68. Plaintiffs' and any putative class members' claims are barred, in whole or in part, because they failed to exhaust contractual remedies.

### ELEVENTH DEFENSE

69. Plaintiffs' and any putative class members' claims are preempted, in whole or in part, by the National Labor Relations Act and other labor laws.

Hilton reserves the right to amend this Answer and add additional defenses as discovery may warrant.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Complaint with prejudice and award Defendant its costs and attorneys' fees.

Dated: April 9, 2010               JONES DAY

/s/ Craig S. Friedman

Matthew W. Lampe
mwlampe@jonesday.com
Craig S. Friedman
csfriedman@jonesday.com
JONES DAY
222 East 41st Street

- 11 -

NYI-4263304v2

New York, New York 10017
(212) 326-3939

Michael J. Gray (*pro hac vice* application pending)
JONES DAY
77 West Wacker
Chicago, Illinois 60601-1692
(312) 782-3939
mjgray@jonesday.com

Attorneys for Defendant