UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ORLANDO COLON, TALIBUN NOOR, HENRI DRAGOTI, THEOFANIS KOUTSIAFTIS, STEPHEN KURUVILLA, SERGIO ORTIZ, VASSILIOS PANTAZIS, MARIAN SEPCARU, and VARGHESE THOMAS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

HILTON WORLDWIDE, INC. d/b/a THE WALDORF=ASTORIA, f/k/a HILTON HOTELS CORPORATION,

    Defendant.

---

10 CIV 1575 (RJH)

ECF CASE

[~~PROPOSED~~] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/10

    Pursuant to Federal Rules of Civil Procedure 16 and 26, and the Court's April 13, 2010 Initial Scheduling Conference Notice and Order, this Civil Case Management Plan And Scheduling Order is hereby adopted.

1. **Description Of The Case**

    A. **Attorneys of Record**

Attorneys for Plaintiffs:

Justin M. Swartz (Lead Trial Attorney)
Molly Brooks
Rachel Bien
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York New York 100016
(212) 245-1000

Louis Pechman
Laurie Berke-Weiss
Jessica N. Tischler
BERKE-WEISS & PECHMAN LLP
488 Madison Avenue, 11th Floor

Attorneys for Defendant:

Matthew W. Lampe (Lead Trial Attorney)
Craig S. Friedman
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Michael J. Gray (*pro hac vice*)
JONES DAY
77 West Wacker
Chicago, Illinois 60601
(312) 782-3939

New York, New York 10022
(212) 583-9500

**B.    Basis for Federal Jurisdiction**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

**C.    Brief Description Of The Claims And Any Counterclaims**

Plaintiffs, who are banquet servers at The Waldorf=Astoria, claim that Defendant misappropriated service charges and special banquet gratuities in violation of New York Labor Law § 196-d and *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008). Plaintiffs seek to represent a class of current and former Waldorf=Astoria banquet servers pursuant to Federal Rule of Civil Procedure 23. Defendant denies all wrongdoing and denies that this action may be maintained as a class action. Defendant has not asserted any counterclaims.

**D.    Major Legal and Factual Issues**

To resolve Plaintiffs' claims, the trier of fact will have to determine whether Defendant "retain[ed] any part of a gratuity or of any charge purported to be a gratuity for an employee," *see* New York Labor Law § 196-d, whether the Plaintiffs suffered any damages resulting therefrom, and, if so, what amount. The Court will need to determine whether such claims may be resolved on a classwide basis pursuant to Federal Rule of Civil Procedure 23.

**E.    Relief Sought**

Plaintiffs seek allegedly unpaid portions of service charges, unpaid special banquet gratuities, interest, and other allegedly unpaid wages. Plaintiffs also seek a declaratory judgment, prejudgment and post-judgment interest, injunctive relief, liquidated damages, and attorneys' fees and costs.

2.  **Proposed Case Management Plan**

   A.  **Pending Motions**

   There are no pending motions.

   B.  **Cutoff Date for Joinder of Additional Parties**

   Plaintiffs may not move for joinder of additional parties after <u>August 11, 2010</u>, except upon a showing of good cause to extend this deadline.

   C.  **Cutoff Date for Amendments to Pleadings**

   Plaintiffs may not move for amendments to the pleadings after <u>August 11, 2010</u>, except upon a showing of good cause to extend this deadline.

   D.  **Schedule for Completion of Discovery**

   i. <u>Initial Disclosures</u>: Initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) to be served no later than <u>June 11, 2010</u>.

   ii. <u>Fact Discovery</u>: The parties' discovery shall proceed in stages, with a first stage of discovery relating to class certification issues (with the caveat that certification related discovery may overlap to a degree with merits based discovery) and to the merits of Plaintiffs' individual claims ("Stage 1 Discovery").

   Stage 1 Discovery shall be completed by <u>November 12, 2010</u>. Witnesses who submit declarations in connection with a motion for class certification or motion for summary judgment (the "Stage 1 Motions") must be disclosed sufficiently in advance of the November 12, 2010 deadline so that they can be deposed by the opposing party before the deadline. The parties reserve the right to seek leave from the Court to increase the deposition limit of Federal Rule of Civil Procedure 30(a)(2)(A)(i). Neither party may rely in support of a Stage 1 Motion on declaration testimony of witnesses not disclosed in accordance with this paragraph.

Within 14 days after the Court rules on Stage 1 Motions, the parties shall hold another Rule 26 conference to meet and confer about the final stage of discovery, which shall encompass merits and damages issues generally ("Stage 2 Discovery"). The parties shall submit a supplemental [Proposed] Civil Case Management Plan and Scheduling Order, addressing all topics in the Court's April 13, 2010 Initial Scheduling Conference Notice and Order, within 10 days of their Rule 26 conference.

iii. <u>Rule 26(a)(2) Disclosures & Expert Designations</u>: Not later than 90 calendar days before the end of Stage 1 Discovery, Plaintiffs shall provide their Rule 26(a)(2) disclosures as to any experts that they intend to use in connection with Stage 1 Motions. Defendant shall depose Plaintiffs' experts, if any, within 30 calendar days after the disclosures are made. Defendant shall provides its Rule 26(a)(2) disclosures as to any experts it intends to use in connection with Stage 1 Motions no later than 60 calendar days after Plaintiffs make their disclosures. Plaintiffs shall depose Defendant's experts by the close of Stage 1 Discovery. Neither side may use an expert's opinion in connection with Stage 1 Motions unless such opinion has been disclosed in accordance with this paragraph.

E. **Dispositive Motions and Motion for Class Certification**

With respect to motions following Stage 1 Discovery (see 2(D)(ii) above with respect to motions during or following Stage 2 Discovery):

i. <u>Motion for Class Certification</u>: Plaintiffs shall file their motion for class certification by <u>December 10, 2010</u>.

ii. <u>Dispositive Motions</u>: The parties may file summary judgment motions by <u>December 10, 2010</u>.

The parties agree that Stage 1 Motions may be filed at any time up to and including December 10, 2010. If the opposing party believes there has not been sufficient discovery to allow appropriate briefing of the motion, the opposing party shall meet and confer with the moving party about the issue. If, after meeting and conferring, there is a dispute as to whether there has been sufficient discovery to allow appropriate briefing, the opposing party shall raise the dispute by requesting an informal conference with the Court pursuant to the procedure of Local Rule 37.2.

With respect to Stage 1 Motions, the opposing party shall have 45 calendar days after service of the motion to file and serve its opposition, and the movant shall have 30 calendar days after the service of such opposition to file and serve its reply.

### F.    Trial Schedule

The parties shall propose a trial schedule in their supplemental [Proposed] Civil Case Management Plan and Scheduling Order (see 2(D)(ii) above).

### 3.    Consent To Proceed Before A Magistrate Judge

The parties do not consent unanimously to proceed before a Magistrate Judge.

### 4.    Status of Settlement Discussions

The parties intend to discuss potential approaches for exploring settlement. The parties do not request a settlement conference at this time.

5. A status conference shall be held on 12/17/10 at 10:30 am

IT IS SO ORDERED.

DATED: 5/20/10    _____
                  Hon. Richard J. Holwell
                  United States District Judge